IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| MELVIN S. MULDROW, SR. ET AL., | * |
| Plaintiffs, | * |
| v. | * |
|   | *   Civil No. 25-0120-BAH |
| KENILWORTH EQUITIES, LTD, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Melvin S. Muldrow, Sr. and Marlene C. Williams filed the above-captioned self-represented complaint on January 14, 2025, ECF 1, as well as motions for leave to proceed in forma pauperis, ECFs 2 and 3. Because Muldrow and Williams have not paid the filing fee, section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Here, the complaint is deficient, as outlined below, and Plaintiffs will be afforded the opportunity to amend the complaint to correct the defects.

The complaint indicates that Muldrow holds himself out as bringing the petition "on behalf of Plaintiff." ECF 1, at 4. The complaint further specifically identifies Williams, not Muldrow, as the plaintiff. *Id.* at 5 ("Marlene Cassandra Williams, (Plaintiff), is a resident of the Drumcastle Apartment Complex for approximately 13 years."). Muldrow appears to note that he has previously "intervene[d] on [Williams'] behalf" with respect to a rental dispute and suggests that

Williams is his "daughter." *Id.* at 9. The complaint does not offer any facts to suggest that Muldrow himself was injured by the alleged conduct and instead appears to disclaim that he is actually a plaintiff in the action. However, in other filings, Muldrow does represent himself as the "plaintiff." *See* ECF 7, at 1; ECF 9, at 1. It is therefore not immediately clear to the Court who is the real party-in-interest in this case–that is, who is the person who is claiming that they themselves have suffered an injury as a result of the alleged conduct. *See Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972) (requiring that "the party seeking review be himself among the injured.").

Article III of the Constitution limits federal judicial powers to review of "cases and controversies," and a plaintiff may only seek redress for a legal wrong if that plaintiff (1) suffered an injury-in-fact; (2) the plaintiff's injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An "injury-in-fact" occurs when a plaintiff has suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). However, "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, [the Supreme Court] has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

While individuals "unquestionably [have] the right to litigate [their] *own* claims in federal court," that right "does not create a coordinate right to litigate for *others*." *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (internal citations omitted) (emphasis in original). "Except in the rarest of circumstances, federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings." *Brown v. Ortho Diagnostic Sys., Inc.*, 868

F. Supp. 168, 170 (E.D. Va. 1994). "The reasoning behind this rule is two-fold: it protects the rights of those before the court, and jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers*, 418 F.3d at 399 (internal citations omitted). This prohibition is also echoed in this Court's Local Rules: "Individuals who are parties in civil cases may only represent themselves." Loc. R. 101.1(a) (D. Md. 2023). Thus, regardless of the relationship of Muldrow to Williams, Muldrow may not proceed *pro se* on Williams' behalf. Williams must "assert [her] own legal rights and interests." *Maryland Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 214 (4th Cir. 2020) (quoting *Warth* 422 U.S. at 499).

Accordingly, it is this 7th day of February, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. If Williams is the only party who is claiming a direct injury as a result of the alleged conduct, she is directed to file an amended complaint on her own behalf, without the intervention of Muldrow, clarifying the claims she herself seeks to bring;

2. Alternatively, if Muldrow can show that he is, in fact, a party-in-interest, both Muldrow and Williams are directed to file an amended complaint detailing how the alleged conduct caused injury to both of them;

3. Williams (and Muldrow, as applicable) is GRANTED twenty-one (21) days from the date of this order to file an amended complaint as directed above;

4. The Clerk SHALL send to Williams and Muldrow a copy of this order, a copy of the original complaint and a blank civil complaint form with included instructions; and

5. Williams and Muldrow are FOREWARNED that:

i. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and

ii. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this Order without further notice.

/s/
Brendan A. Hurson
United States District Judge

4