IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MELVIN S. MULDROW SR. ET AL., | * |
| Plaintiffs, | * |
| v. | * |
|  | *    Civil No. 25-0120-BAH |
| KENILWORTH EQUITIES, LTD, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Melvin S. Muldrow Sr. and Marlene C. Williams filed the above-captioned self-represented complaint on January 14, 2025, ECF 1, as well as motions for leave to proceed *in forma pauperis*, ECFs 2 and 3. In the complaint, Muldrow appeared to represent that he was bringing the petition "on behalf of Plaintiff," ECF 1, at 4, and the injury in question seemingly concerned only Williams, *id.* at 5. The complaint did not offer any facts to indicate that Muldrow himself was injured by the alleged conduct.

On February 7, 2025, the Court ordered Muldrow and Williams to file an amended complaint clarifying the nature of the action and the party or parties in interest. ECF 11. The Court explained that while individuals have the right to litigate their own claims in federal court, that right "does not create a coordinate right to litigate for others." *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (internal citations omitted). Further, the Court stressed that under the Local Rules of the District of Maryland, "[i]ndividuals who are parties in civil cases may only represent themselves." Loc. R. 101.1(a) (D. Md. 2023).

Muldrow and Williams filed a response, styled as a "motion to amend," on February 24, 2025. ECF 12. The response avers that Muldrow has an interest in the claims asserted by virtue of his status as "a contributing member of the Drumcastle community," the apartment complex at issue in the litigation. *Id.* at 2. Further, the response specified that though Williams is "the principal aggrieved in the case," she and Muldrow are "common-law" spouses and thus Muldrow has a "joint interest" in her claims. *Id.* Neither consideration is sufficient to grant Muldrow standing in this action. With respect to the first contention, a plaintiff may establish standing only by showing that they have suffered an "injury in fact," defined as a "concrete and particularized" and "actual or imminent" "invasion of a legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury is "particularized" where it "affect[s] the plaintiff in a personal and individual way." *Id.* Muldrow has not identified such an injury here, and his status as another resident of the apartment community in question does not give him a personal stake in the litigation if he has not also suffered a concrete, individual injury. Moreover, Muldrow may not establish standing on the basis of his status as Williams's common-law husband, as such a relationship does not alter the fundamental principle that federal courts do not allow pro se litigants to represent others. *Myers*, 418 F.3d at 400. This is true even when an injured party purports to permit their non-injured spouse to bring the suit on their behalf; a litigant only has standing when they themselves allege a "'concrete and particularized' invasion of a 'legally protected interest' of [their] own, sufficient to demonstrate that [they are] a real party of interest who has suffered an injury in fact." *Weightpack, Inc. v. Marannano*, No. 3:16-CV-00271, 2025 WL 629982, at *4 (E.D. Va. Feb. 26, 2025) (citing *Lujan*, 504 U.S. at 560).

Because the response filed by Muldrow and Williams does not address the concerns raised in the Court's February 7, 2025 order, the complaint will be dismissed without prejudice under 28

U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[1] In addition to their motions to proceed in forma pauperis, *see* ECF 2 and ECF 3, Muldrow and Williams have filed a "motion for judicial notice," ECF 7, and three purported "motions to amend," ECFs 9, 10, and 12. As noted above, ECF 12 appears to be responsive to the Court's order requiring submission of an amended complaint. The Court will deny all pending motions without prejudice on the grounds that dismissal of the case as a whole renders the remaining motions moot.

Accordingly, it is this 27th day of March, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiffs' complaint is DISMISSED;
2. All pending motions are DENIED as moot;
3. The Clerk is DIRECTED to CLOSE the case; and
4. The Clerk SHALL provide a copy of this Order to Plaintiffs.

/s/
Brendan A. Hurson
United States District Judge

---

[1] The Court previously noted that failure to meet the directions of the February 7, 2025 order would result in a dismissal with prejudice. *See* ECF 11, at 4. However, the Court recognizes that, given the parties' pro se status, "a lack of compliance with the complex rules and directives that accompany federal litigation should be viewed with leniency." *Mitchel v. LVNV Funding, LLC*, Civ. No. JKB-21-2972, 2022 WL 17834152, at *2 (D. Md. Dec. 21, 2022) (citing *Skydive Myrtle Beach Inc. v. Horry Cnty. Dep't Airports*, 735 F. App'x 810, 815 (4th Cir. 2018)). The Court therefore orders that the case be dismissed without prejudice.